IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTONIO DAVIS,<br>individually and on behalf of all others<br>similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>LIFETOUCH, INC.,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff Antonio Davis ("Plaintiff"), on behalf of himself and all others similarly situated ("Class" or "Class Members"), states and alleges as follows:

### INTRODUCTION

1. Defendant Lifetouch, Inc. ("Defendant" or "Lifetouch") is in the business of selling school pictures. It contracts with schools to provide bi-annual photography sessions within schools and sells the photographs to the students' parents and guardians.

2. The photographs Lifetouch takes in the Spring are regularly sold under a so-called "Family Approval" model whereby students' portraits and/or products printed with their portraits are sent home with the students. They are accompanied by written materials directing parents and guardians to purchase the portraits and/or products or return them to school.

3. This practice is in direct violation of Kansas law. Specifically, Defendant violates K.S.A. § 50-617(a) each time it sends students home with unordered portraits and/or products. Defendant further violates K.S.A. § 50-617(c) each time it directs parents and guardians to pay for this unordered merchandise.

1

4. Defendant is also unlawfully engaging in deceptive acts and practices in violation of the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-626(b)(2) and (3), by willfully: (1) failing to inform parents and guardians that unordered school portraits and/or products are deemed unconditional gifts under Kansas law and require no payment or return; and (2) seeking payment for unordered portraits and/or products and/or implying that parents and guardians are legally obligated to pay for the portraits and/or products or return them.

5. Finally, Defendant is unjustly enriched by accepting payment for unordered portraits and/or products, which are deemed unconditional gifts under Kansas law and therefore do not require payment or return.

6. Plaintiff brings this lawsuit as a class action against Defendant on behalf of himself and all others similarly situated under Fed. R. Civ. P. 23 to recover damages, statutory damages, injunctive relief, attorneys' fees, costs and expenses, and any other relief that the Court deems just and appropriate resulting from Defendant's violations of K.S.A. §§ 50-617(a) and (c), §§ 50-626(b)(2) and (3), and from Defendant's unlawful practice of unjustly enriching itself by accepting payment for unordered portraits and/or products.

**PARTIES**

7. Plaintiff Antonio Davis is a citizen of Kansas. During all times relevant, he has resided in Olathe, Kansas.

8. Defendant Lifetouch, Inc. is a Minnesota corporation with its principal place of business in Minnesota. It may be served via its registered agent, Corporation Service Company, located at 2345 Rice Street, Suite 230, Roseville, MN 55113.

9. On its website, Defendant states that it has been "the professional photograph company of choice for schools and families" for more than 80 years.

10. Defendant operates in local communities across the country, including Olathe and the State of Kansas.

11. During all times relevant, Plaintiff had two children attending elementary and/or middle school in the Olathe School District.

12. As explained in detail below, Defendant sent unordered portraits and/or products home with Plaintiff's children and sought payment for them in violation of Kansas law.

13. Moreover, Defendant willfully failed to inform Plaintiff that the unordered portraits and/or products were gifts that did not require payment in violation of Kansas law.

## JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1367 since Plaintiff and Defendant are citizens of different states (Kansas and Minnesota, respectively), and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

15. This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d)(2)(A) and 1367 since Plaintiff and Defendant are citizens of different states, and the aggregate amount in controversy for the class exceeds $5,000,000.00, exclusive of interests and costs.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) since Defendant conducts business, has substantial business contacts, and can be found in this District. Also, the claims set forth herein have arisen and occurred in substantial part in this District.

## GENERAL ALLEGATIONS

17. To millions of parents and students, "Lifetouch" is a household name.

18. Defendant has described itself as "the national leader in school photography."

19. In fact, in an August 27, 2016 article with the Star Tribune, CEO Michael Meek said that Defendant is the nation's largest producer of school photos.

20. Defendant also publishes yearbooks, operates portrait studios in retail stores, and is the biggest player in the church directories market.

21. As explained in its September 30, 2018 SEC filing, Defendant captures images of more than 25,000,000 individuals each year.

22. In one form or another, Defendant's photos find their way to the wallets, refrigerators, bookshelves and picture frames of more than 48 million homes across North America each year.

23. Defendant controls approximately 40% of the market for school photos, which accounts for well over half of the company's revenue, but is facing challenges in the industry.

24. Defendant sells Spring portraits under a "Family Approval" model in some markets, including in the Olathe School District and, on information and belief, other communities in the State, whereby portraits and/or products are sent home with students, and their parents and guardians are directed to pay for the portraits and/or products or return them.

25. During the relevant time, Defendant has sold Spring portraits and/or products in Kansas under the "Family Approval" model.

26. By way of example, Defendant sent unordered portraits and/or products to Plaintiff at least twice in the last three years.

27. In or around the Spring of 2017 and 2018, Plaintiff's children came home from school with Lifetouch portraits and/or products taken by Defendant.

28. Defendant did not ask Plaintiff to pre-order these portraits and/or products sent to Plaintiff under the "Family Approval" model.

4

29. On June 13, 2017, Plaintiff received an email from Defendant with the subject "Don't forget to pay for [child's name]'s Spring Pictures!" stating, "There's still time to pay for Spring Pictures! If you've already paid, thank you. Don't forget! Pay for your Spring Pictures online with your student's unique credentials." (Ex. 1).

30. On March 23, 2018, Plaintiff received an email from Defendant stating, "Student portrait packages have shipped and will be coming home soon with [child's name]. Select your favorites and pay at mylifetouch.com. . . . Please return any portraits not purchased to your school." (Ex. 2).

31. On May 15, 2018, Plaintiff received an email from Defendant stating: "There's still time to pay for your Spring Pictures! If you've already paid, thank you." The email then instructed parents and guardians to "[p]ay for your Spring Pictures online with your student's unique credentials." (Ex. 3).

32. Two days later, on May 17, 2018, Plaintiff received another email from Defendant stating: "Reminder: There's still time to pay for Spring Pictures!" (Ex. 4).

33. Plaintiff believes he purchased his children's school photographs from Lifetouch in the Spring of 2017 and/or 2018.

34. Plaintiff believes he received similar envelopes from Defendant containing unordered school portraits and/or products in prior years as well.

35. Defendant's communications, including its envelopes, written materials and emails do not disclose that Kansas law prohibits the distribution of unordered merchandise and/or that these portraits and/or products are unconditional gifts that do not require payment or return.

36. Further, through its communications, including its envelopes, written materials and emails, Defendant willfully misrepresents, misstates and/or improperly suggests that parents and guardians are legally obligated to purchase the portraits and/or products or return them.

37. On information and belief, Defendant has distributed the same or similar envelopes containing unordered school portraits and/or products to all elementary and middle school students in Olathe and other school districts across the State.

38. Defendant's "Family Approval" model directly violates Kansas law.

39. Moreover, sending unsolicited goods home with students unfairly pressures parents and guardians to pay for Defendant's expensive portraits and/or products or risk disappointing their children and/or face embarrassment in front of teachers and school administrators.

40. On information and belief, Defendant contracts with dozens of school districts in this State to be their exclusive school photographer for purposes of, among other things, school portraits, yearbooks, class/extracurricular photographs, and staff photographs.

41. Defendant is aware that its practice of sending students home with unordered portraits and/or products and seeking payment for them is unlawful but continues the practice to increase its profits.

42. Shutterfly, Inc., Defendant's parent company, recently stated in a September 30, 2018 SEC filing:

> In some markets, Lifetouch offers spring portraits under a "Family Approval" model whereby portrait products are distributed by the school to parents for review. Parents are asked to pay for the products they elect to keep (if any) and to return any products they do not wish to purchase to the school. Lifetouch has been and in the future **may be subject to claims from individuals that these products qualify as "gifts" and/or that the program does not comply with legislation pertaining to "unsolicited goods."** While we do not believe that such legislation is applicable to school photography, if Lifetouch becomes subject to such claims and is required or elect to curtail the use of the Family Approval model, its business and revenue may be negatively impacted.

Shutterfly, Inc., Quarterly Report (Form 10-Q), at 74 (September 30, 2018), *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/1125920/000112592018000020/sfly-20180930.htm (Emphasis added).

43. Plaintiff brings this class action on behalf of similarly situated individuals to stop Defendant's illegal use of the "Family Approval" model and recover money damages for the Class caused by Defendant's conduct.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and as the Class Representative of the following persons (the "Class"):

> All Kansas residents who received unordered school portraits and/or products from Defendant within the past three years.

45. Excluded from the Class are: (1) the Judge to whom this case is assigned, members of his/her immediate family, and employees of the Court; (2) all persons who make a timely election to be excluded from the Class; and (3) the law firms representing the parties in this action and the immediate family of counsel of record.

46. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements for a class action pursuant to Fed. R. Civ. P. 23.

47. The Class sought easily satisfies the numerosity standard as it consists of more than 100 persons, and likely thousands upon thousands more, who are geographically dispersed across the State of Kansas. Accordingly, joinder of all Class members in a single action is impracticable.

48. Questions of fact and law common to the Class predominate over any questions affecting only individual members. Common questions include, but are not limited to:

    a.    Whether Defendant engaged in the conduct described herein;

    b.    Whether Defendant violated K.S.A. §§ 50-617(a);

    c.    Whether Defendant violated K.S.A. § 50-617(c);

    d.    Whether Defendant violated K.S.A. §§ 50-626(b)(3)(b) and (c);

    e.    Whether Defendant is unjustly enriched by accepting payment for unordered portraits and products;

    f.    Whether Plaintiff is entitled to injunctive relief; and

    g.    The appropriate measure of monetary damages and other relief.

49. Plaintiff's claims are typical among the members of the Class sought in that:

    a.    They received unordered school portraits and/or products from Defendant;

    b.    Defendant failed to inform them that unordered school portraits and/or products are deemed unconditional gifts under Kansas law and do not require payment or return; and

    c.    Defendant sought payment for unordered school portraits and/or products while stating and/or implying that Plaintiff and the Class were legally obligated to pay for or return the portraits and/or products.

50. Plaintiff is an adequate representative of the Class because he is a member and his interests do not conflict with the interests of the members he seeks to represent. The interests of the members will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex class action litigation, including consumer class actions.

51. Maintenance of these claims as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to relatively small recoveries per member of the Class, and there are no material difficulties impairing management of a class action.

52. It would be impracticable and undesirable for each member of the Class to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### COUNT I - VIOLATION OF K.S.A. § 50-617(a)
On Behalf of Plaintiff and the Class

53. Plaintiff hereby incorporates by reference and re-alleges all paragraphs previously alleged herein.

54. Pursuant to K.S.A. § 50-617(e), § 50-617(a) is part of the KCPA.

55. Defendant is a "supplier" under the KCPA. *See* K.S.A. § 50-624(l).

56. The school portraits and/or products delivered by Defendant are "property" under the KCPA. *See* K.S.A. § 50-624(j).

57. During times relevant, Defendant sent home unordered school portraits and/or products to Plaintiff and the Class in the Spring.

58. Defendant violated K.S.A. § 50-617(a) by distributing these unordered portraits and/or products to Plaintiff and the Class.

59. Although K.S.A. § 50-617(a) deems these unordered portraits and/or products unconditional gifts, Defendant directed Plaintiff and the Class to pay for them or return them to the school.

60. Defendant's failure to comply with Kansas law was without just cause or excuse and, in fact, Defendant was and is aware that it is violating Kansas law but continues doing so to increase its profits.

61. As a result of Defendant's violations, Plaintiff and the Class are entitled to injunctive relief, including attorneys' fees, costs and interests, and any other relief the Court deems just and appropriate.

### COUNT II - VIOLATION OF K.S.A. § 50-617(c)
On Behalf of Plaintiff and the Class

62. Plaintiff hereby incorporates by reference and re-alleges all paragraphs previously alleged herein.

63. Pursuant to K.S.A. § 50-617(e), § 50-617(a) is part of the KCPA.

64. Defendant is a "supplier" under the KCPA. *See* K.S.A. § 50-624(l).

65. The school portraits and/or products delivered by Defendant are "property" under the KCPA in K.S.A. § 50-624(j).

66. During times relevant, Defendant have sent unordered school portraits and/or products to Plaintiffs and the Class in the Spring. Defendant directs them to pay for the portraits and/or products or return them to school.

67. Defendant has also emailed Plaintiff and the Class reminding them to pay for these portraits and/or products.

68. By stating that Class members must pay for unordered goods or return them, Defendant was attempting to collect for unordered property, which is a deceptive act in violation of the KCPA pursuant to K.S.A. § 50-617(c).

69. Defendant's failure to comply with Kansas law was without just cause or excuse and, in fact, Defendant is and was aware that it is violating Kansas law but continues doing so to increase its profits.

70. As a result of Defendant's violations, Plaintiff and the Class members are entitled to compensatory damages, civil penalties, attorneys' fees, costs and interest, injunctive relief, and any other relief the Court deems just and appropriate.

**COUNT III - VIOLATION OF K.S.A. § 50-626(b)(3)(b) AND (c)**
On Behalf of Plaintiff and the Class

71. Plaintiff hereby incorporates by reference and re-alleges all paragraphs previously alleged herein.

72. Defendant is a "supplier" under the KCPA. *See* K.S.A. § 50-624(l).

73. The school portraits and/or products distributed by Defendant are "property" under the KCPA. *See* K.S.A. § 50-624(j).

74. Plaintiff and the Class are "consumer[s]" under the KCPA. *See* K.S.A. § 50-624(b).

75. Defendant effectuated "consumer transactions" under the KCPA, § 50-624(c), when it distributed to Plaintiff and the Class property in the form of school portraits and/or products and solicited payment for such property.

76. Further, Defendant unlawfully engaged in a deceptive act and practice in violation of K.S.A. § 50-626(b)(3) when it sought payment for the unordered school portraits and/or products but willfully omitted to inform Plaintiff and the Class of the material fact that unordered school portraits and/or products are deemed unconditional gifts pursuant to K.S.A. § 50-617(a) and therefore require no payment or return.

77. Alternatively, Defendant unlawfully engaged in a deceptive act and practice in violation of K.S.A. § 50-626(b)(2) when it sought payment for the unordered school portraits and/or products but willfully misrepresented to Plaintiff and the Class by falsehood, ambiguity and/or innuendo as to the material fact that Plaintiff and the Class were legally obligated to pay for the portraits and/or products or return them to school.

78. Despite knowing the law, Defendant deceptively told Plaintiff and the Class that they must pay for or return the unordered school portraits and/or products.

79. As a result of Defendant's violations, Plaintiff and the Class are entitled to compensatory damages, civil penalties, attorneys' fees, costs and interest, injunctive relief, and any other relief the Court deems just and appropriate.

### COUNT IV – MONEY HAD AND RECEIVED/UNJUST ENRICHMENT
On Behalf of Plaintiff and the Class

80. Plaintiff hereby incorporates by reference and re-alleges all paragraphs previously alleged herein.

81. As a direct and proximate result of Defendant's actions as stated herein, Plaintiff and the Class paid Defendant for unordered school portraits and/or products.

82. These portraits and/or products are deemed unconditional gifts pursuant to K.S.A. § 50-617(a).

83. Accordingly, Plaintiff and the Class conferred a benefit on Defendant by paying for unordered portraits and/or products when such payments were unnecessary.

84. Defendant realized and appreciated the benefit it received and is receiving, and Defendant accepts and retains this benefit in violation of Kansas law.

85. Defendant's failure to comply with Kansas law confers an unjust benefit upon the company.

86. As such, Plaintiff and the Class should be issued a full refund of monies paid for the unordered school portraits and/or products that were gifts under Kansas law.

87. WHEREFORE, Plaintiff prays on behalf of himself and all other Class members for: a judgment in his favor against Defendant in such amount as is fair and reasonable; injunctive relief preventing Defendant from continuing to accept payment for unordered portraits and products; an award of attorneys' fees, costs and expenses; and any other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of the Class, seeks the following relief:

1. An order determining that this action may proceed as a class action under Fed. R. Civ. P. 23 on behalf of the Class as Named Plaintiff and Class Representative for the Class;

2. An order designating Plaintiff's undersigned counsel as Class Counsel;

3. An order issuing proper notice to the Class at Defendant's expense;

4. An order declaring that Defendant committed the statutory violations set forth above;

5. An order issuing appropriate injunctive relief;

6. An award of compensatory damages and statutory damages;

7. Pre-judgment and post-judgment interest, as provided by law;

8. Attorneys' fees and costs; and

9. Such other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues of this cause in Kansas City, Kansas.

DATED: March 10, 2019                                  Respectfully submitted,

                                                              */s/ Jack McInnes*
Jack D. McInnes (#21898)
**MCINNES LAW LLC**
1900 West 75th Street, Suite 120
Prairie Village, KS 66208
Telephone: (913) 220-2488
Facsimile: (913) 273-1671
jack@mcinnes-law.com

**ATTORNEY FOR PLAINTIFF**