## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTONIO DAVIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-02130-DDC-KGG |
| | ) | |
| LIFETOUCH, INC. and LIFETOUCH NATIONAL STUDIOS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED CLASS ACTION COMPLAINT

Plaintiff Antonio Davis ("Plaintiff"), on behalf of himself and all others similarly situated ("Class" or "Class Members"), states and alleges as follows:

### INTRODUCTION

1.      Defendants Lifetouch, Inc. and Lifetouch National Studios, Inc. (collectively, "Defendants" or "Lifetouch") are in the business of selling school pictures. They contract with schools to provide bi-annual photography sessions within schools and sells the photographs to students' parents and guardians.

2.      The photographs Lifetouch takes in the Spring are regularly sold under a so-called "Family Approval" model whereby students' portraits and/or products printed with their portraits are sent home with the students. They are accompanied by written materials directing parents and guardians to purchase the portraits and/or products or return them to school.

3.      This practice is in direct violation of Kansas law. Specifically, Defendants violate K.S.A. § 50-617(a) each time they send students home with unordered portraits and/or products.

4.      Defendants further violate K.S.A. § 50-617(c) each time they direct and/or remind parents and guardians to pay for this unordered merchandise by sending written materials and/or emailing them to purchase the portraits and/or products or return them to school.

5.      Defendants are also unlawfully engaging in deceptive acts and practices in violation of the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-626(b)(2) and (3), by willfully: (1) failing to inform parents and guardians that unordered school portraits and/or products are deemed unconditional gifts under Kansas law and require no payment or return; and (2) seeking payment for unordered portraits and/or products and/or implying that parents and guardians are legally obligated to pay for the portraits and/or products if they don't return them.

6.      Finally, Defendants are unjustly enriched by accepting payment for unordered portraits and/or products, which are deemed unconditional gifts under Kansas law and therefore do not require payment or return.

7.      Plaintiff brings this lawsuit as a class action against Defendants on behalf of himself and all others similarly situated under Fed. R. Civ. P. 23 to recover damages, injunctive relief, attorneys' fees, costs and expenses, and any other relief that the Court deems just and appropriate resulting from Defendants' continuing violations of K.S.A. §§ 50-617(a) and (c), §§ 50-626(b)(2) and (3), and from Defendants' unlawful practice of unjustly enriching themselves by accepting payment for unordered portraits and/or products.

**PARTIES**

8.      Plaintiff Antonio Davis is a citizen of Kansas. During all times relevant, he has resided in Olathe, Kansas.

9.      Defendant Lifetouch, Inc. and its wholly owned subsidiary, Defendant Lifetouch National School Studios, Inc., are Minnesota corporations with their principal place of business in Minnesota. They may be served via their registered agent, Corporation Service Company, located at 2345 Rice Street, Suite 230, Roseville, MN 55113.

10.     On their website, Defendants state that they have been "the professional photograph company of choice for schools and families" for more than 80 years.

11.     Defendants operate in local communities across the country, including Olathe and the State of Kansas.

12.     During all times relevant, Plaintiff had two children attending elementary and/or middle school in the Olathe School District.

13.     As explained in detail below, Defendants sent unordered portraits and/or products home with Plaintiff's children and sought payment for them in violation of Kansas law.

14.     Moreover, Defendants willfully failed to inform Plaintiff that the unordered portraits and/or products were gifts that did not require payment in violation of Kansas law.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1367 since Plaintiff and Defendants are citizens of different states (Kansas and Minnesota, respectively), and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

16.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d)(2)(A) and 1367 since Plaintiff and Defendants are citizens of different states, and the aggregate amount in controversy for the class exceeds $5,000,000.00, exclusive of interests and costs.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) since Defendants conduct business, have substantial business contacts, and can be found in this District. Also, the claims set forth herein have arisen and occurred in substantial part in this District.

## GENERAL ALLEGATIONS

18.     To millions of parents and students, "Lifetouch" is a household name.

19.     Defendants have described themselves as "the national leader in school photography."

20.     In fact, in an August 27, 2016 article with the Star Tribune, CEO Michael Meek said that Lifetouch is the nation's largest producer of school photos. http://www.startribune.com/lifetouch-adjusting-its-lens-to-the-digital-age/391448211/.

21.     Defendants also publish yearbooks, operate portrait studios in retail stores, and are the biggest player in the church directories market.

22.     As explained in its September 30, 2018 SEC filing, Defendants capture images of more than 25,000,000 individuals each year.

23.     In one form or another, Defendants' photos find their way to the wallets, refrigerators, bookshelves and picture frames of more than 48 million homes across North America each year.

24.     The school photo industry is worth $1.6 billion a year, according to IBISWorld, a market research firm based in Los Angeles.

25.     Defendants control approximately 40% of the market for school photos, which accounts for well over half of the company's revenue, but they are facing industry challenges.

26.     As explained in a May 10, 2019 New York Times article, the industry is wobbling because of the spread of digital cameras and smartphones, high prices, schools' photo fees, and decreasing sales. https://www.nytimes.com/2019/05/10/style/school-photos-costs.html.

27.     There is also increased competition from local companies.

28.     Defendants began selling Spring portraits under a "Family Approval" model in some markets, including in the Olathe School District and, on information and belief, other communities throughout the State, whereby portraits and/or products are sent home with students, and their parents and guardians are directed to pay for the portraits and/or products or return them.

29.     Defendants additionally seek to collect for the portraits and/or products by emailing parents and guardians with reminders to pay.

30.     During the relevant time, Defendants have sold Spring portraits and/or products in Kansas under the "Family Approval" model.

31.     By way of example, Defendants sent unordered portraits and/or products to Plaintiff at least twice in the last three years.

32.     In late March/early April 2017 and 2018, Plaintiff's children came home from school with Lifetouch portraits and/or products taken by Defendants under the "Family Approval" model described above.

33.     Regardless of whether the school contracted with Defendants, Plaintiff did not order these portraits and/or products, nor did Defendants ask Plaintiff to pre-order them.

34.     The outside of the 2018 envelope containing the portraits and/or products states: "Details inside on how to buy." (Ex. 1).

35.     The back of the 2018 envelope states: "Send payment to school or pay at mylifetouch.com." (*Id.*)

36.     The flap of the 2018 envelope states: "Time-sensitive materials." (*Id*.)

37.     Inside the 2018 envelope were one 8x10" portrait, two 5x7" portrait, four 3x5" portraits, eight 2x3" portraits, and one fun pack containing a bag tag, key tags, a bookmark, and a door hanger with portraits printed on them.

38.     Also inside the 2018 envelope were two forms purporting to provide parents and guardians with a choice as to how to proceed.

39.     The first form states: "The choice is yours ..." and gives parents and guardians the choice to either (1) purchase portraits and/or products using the form, (2) pay at mylifetouch.com, or (3) "return envelope and any portraits not purchased to school within 7 days." (*Id*.)

40.     The second form, printed on an envelope, states: "Don't forget to pay for your Spring Portraits … Go to mylifetouch.com to pay or use this envelope." The same three choices are provided to parents and guardians: (1) purchase portraits and/or products using the form, (2) pay at mylifetouch.com, or (3) "return envelope and any portraits not purchased to school within 7 days." (*Id*.)

41.     Both forms state the entire packet of portraits and products costs $45. (*Id*.)

42.     On information and belief, Plaintiff states that he received similar envelopes from Defendants containing unordered school portraits and/or products in prior years as well.

43.     On May 23, 2017, Plaintiff received an email from Defendants[1] with the subject "Spring portraits coming home soon!" stating: "Portrait packages will be coming home soon with your child … Return any unordered portraits to school."  (Ex. 2).

---

[1] Exhibits 2-5 were sent from the school "in partnership with Lifetouch National School Studios, Inc."

44.     On May 30, 2017, Plaintiff received an email from Defendants with the subject "Pay for your Spring Portrait Package" stating: "Portrait packages should be coming home soon with your child.  If you have already paid, thank you! … Return any unpurchased portraits to school." (Ex. 3).

45.     On June 6, 2017, Plaintiff received an email from Defendants with the subject "Last Reminder to pay for your Spring Pictures" stating: "If you have already paid, thank you! … Return any unpurchased portraits to school." (Ex. 4).

46.     On June 13, 2017, Plaintiff received an email from Defendants with the subject "Don't forget to pay for [child's name]'s Spring Pictures!" stating: "There's still time to pay for Spring Pictures! If you've already paid, thank you. Don't forget! Pay for your Spring Pictures online with your student's unique credentials." (Ex. 5).

47.     The same thing happened in 2018. On March 23, 2018, Plaintiff received an email from Defendants with the subject "[name of school's] Spring Portraits will be home soon" stating "Student portrait packages have shipped and will be coming home soon with [child's name]. Select your favorites and pay at mylifetouch.com … Please return any portraits not purchased to your school." (Ex. 6).

48.     On May 15, 2018, Plaintiff received an email from Defendants with the subject "Don't forget to pay for [child's name]'s Spring Pictures" stating "There's still time to pay for your Spring Pictures! If you've already paid, thank you." (Ex. 7).

49.     Two days later, on May 17, 2018, Plaintiff received another email from Defendants with the subject "Reminder: Don't forget to pay for [child's name]'s Spring Pictures" stating "Reminder: There's still time to pay for Spring Pictures!" (Ex. 8).

50.     Plaintiff believes he purchased the entire packet of portraits and products from Lifetouch in Spring 2018 since they are in his possession. Based on Defendants' repeated statements to pay for them or return them to school, he believes he would not have kept them without paying for them.

51.     Defendants' communications, including their envelopes, written materials and emails do not disclose that Kansas law prohibits the distribution of unordered merchandise and/or that these portraits and/or products are unconditional gifts that do not require payment or return.

52.     Further, through their communications, including their envelopes, written materials and emails, Defendants willfully misrepresent, misstate and/or improperly suggest that parents and guardians are legally obligated to purchase the portraits and/or products or return them.

53.     On information and belief, Defendants have distributed the same or similar envelopes containing unordered school portraits and/or products to elementary and middle school students in Olathe and other school districts across the State.

54.     On information and belief, Defendants have also sent the same or similar emails directing and/or reminding to pay for the unordered portraits and/or products or return them to school to parents and guardians of elementary and middle school students in Olathe and other school districts across the State.

55.     Defendants' "Family Approval" model directly violates Kansas law.

56.     Moreover, sending unsolicited goods home with students and emailing their homes unfairly pressures their parents and guardians to pay for Defendants' expensive portraits and/or products or risk disappointing their children and/or face embarrassment in front of teachers and school administrators.

57.     On information and belief, Defendants contract with dozens of school districts in this State to be their exclusive school photographer for purposes of, among other things, school portraits, yearbooks, class/extracurricular photographs, and staff photographs.

58.     Defendants are aware that their practice of sending students home with unordered portraits and/or products and seeking payment for them is unlawful but continue the practice to increase their profits.

59.     Shutterfly, Inc., Defendants' parent company, recently stated in a September 30, 2018 SEC filing:

> In some markets, Lifetouch offers spring portraits under a "Family Approval" model whereby portrait products are distributed by the school to parents for review. Parents are asked to pay for the products they elect to keep (if any) and to return any products they do not wish to purchase to the school. Lifetouch has been and in the future **may be subject to claims from individuals that these products qualify as "gifts" and/or that the program does not comply with legislation pertaining to "unsolicited goods."** While we do not believe that such legislation is applicable to school photography, if Lifetouch becomes subject to such claims and is required or elect to curtail the use of the Family Approval model, its business and revenue may be negatively impacted.

Shutterfly, Inc., Quarterly Report (Form 10-Q), at 74 (September 30, 2018), *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/1125920/000112592018000020/sfly-20180930.htm (Emphasis added).

60.     Plaintiff brings this class action on behalf of similarly situated individuals to stop Defendants' illegal use of the "Family Approval" model and recover damages for the Class caused by Defendants' conduct.

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and as the Class Representative of the following persons (the "Class"):

All Kansas residents who received unordered school portraits and/or products from Defendants within the past three years.

62.     Excluded from the Class are: (1) the Judge to whom this case is assigned, members of his/her immediate family, and employees of the Court; (2) all persons who make a timely election to be excluded from the Class; and (3) the law firms representing the parties in this action and the immediate family of counsel of record.

63.     Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements for a class action pursuant to Fed. R. Civ. P. 23.

64.     The Class sought easily satisfies the numerosity standard as it consists of more than 100 persons, and likely thousands upon thousands more, who are geographically dispersed across the State of Kansas. Accordingly, joinder of all Class members in a single action is impracticable.

65.     Questions of fact and law common to the Class predominate over any questions affecting only individual members. Common questions include, but are not limited to:

a.     Whether Defendants engaged in the conduct described herein;

b.     Whether Defendants violated K.S.A. §§ 50-617(a);

c.     Whether Defendants violated K.S.A. § 50-617(c);

d.     Whether Defendants violated K.S.A. §§ 50-626(b)(3)(b) and (c);

e.     Whether Defendants are unjustly enriched by accepting payment for unordered portraits and products;

f.     Whether Plaintiff is entitled to declaratory and/or injunctive relief; and

g.     The appropriate measure of monetary damages and other relief.

66.     Plaintiff's claims are typical among the members of the Class sought in that:

      a.     They received unordered school portraits and/or products from Defendants;

      b.     Defendants failed to inform them that unordered school portraits and/or products are deemed unconditional gifts under Kansas law and do not require payment or return; and

      c.     Defendants sought payment for unordered school portraits and/or products while stating and/or implying that Plaintiff and the Class were legally obligated to pay for or return the portraits and/or products.

67.     Plaintiff is an adequate representative of the Class because he is a member and his interests do not conflict with the interests of the members he seeks to represent. The interests of the members will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex class action litigation, including consumer class actions.

68.     Maintenance of these claims as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to relatively small recoveries per member of the Class, and there are no material difficulties impairing management of a class action.

69.     It would be impracticable and undesirable for each member of the Class to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I – DECLARATORY JUDGMENT
On Behalf of Plaintiff and the Class

70.     Plaintiff hereby incorporates by reference and re-alleges all paragraphs previously alleged herein.

71.     Pursuant to K.S.A. § 50-617(e), § 50-617(a) is part of the KCPA.

72.     Defendants are "suppliers" under the KCPA. *See* K.S.A. § 50-624(l).

73.     The school portraits and/or products delivered by Defendants are "property" under the KCPA. *See* K.S.A. § 50-624(j).

74.     During times relevant, Defendants sent home school portraits and/or products to Plaintiff and the Class in the Spring that they did not affirmatively order or request.

75.     § 50-617(a) deems these portraits and/or products unconditional gifts to Plaintiff and the Class and provides that they may use or dispose of them in any manner they see fit without any obligation on their part to Defendants.

76.     Accordingly, Plaintiff and the Class are entitled to a declaratory judgment that Defendants' portraits and/or products are unconditional gifts, and that Defendants do not have a right to the return of the portraits and/or products or for payment or setoff of their purchase price, and any other relief the Court deems just and appropriate.

## COUNT II - VIOLATION OF K.S.A. § 50-617(c)
On Behalf of Plaintiff and the Class

77.     Plaintiff hereby incorporates by reference and re-alleges all paragraphs previously alleged herein.

78.     Pursuant to K.S.A. § 50-617(e), § 50-617(a) is part of the KCPA.

79.     Defendants are "suppliers" under the KCPA. *See* K.S.A. § 50-624(l).

80.     The school portraits and/or products delivered by Defendants are "property" under the KCPA in K.S.A. § 50-624(j).

81.     During times relevant, Defendants have sent unordered school portraits and/or products to Plaintiffs and the Class in the Spring. Defendants direct them to pay for the portraits and/or products or return them to school.

82.     Defendants have also emailed Plaintiff and the Class directing and/or reminding them to pay for these portraits and/or products or return them to school.

83.     By stating that Class members must pay for unordered goods or return them, Defendants were attempting to collect for unordered property, which is a deceptive act in violation of the KCPA pursuant to K.S.A. § 50-617(c).

84.     Defendants' failure to comply with Kansas law was without just cause or excuse and, in fact, Defendants are and were aware that they are violating Kansas law but continue doing so to increase their profits.

85.     As a result of Defendants' violations, Plaintiff and the Class members are entitled to compensatory damages, civil penalties, attorneys' fees, costs and interest, injunctive relief, and any other relief the Court deems just and appropriate.

**COUNT III - VIOLATION OF K.S.A. § 50-626(b)(3)(b) AND (c)**
On Behalf of Plaintiff and the Class

86.     Plaintiff hereby incorporates by reference and re-alleges all paragraphs previously alleged herein.

87.     Defendants are "suppliers" under the KCPA. *See* K.S.A. § 50-624(l).

88.     The school portraits and/or products distributed by Defendants are "property" under the KCPA. *See* K.S.A. § 50-624(j).

89.     Plaintiff and the Class are "consumer[s]" under the KCPA. *See* K.S.A. § 50-624(b).

90.    Defendants effectuated "consumer transactions" under the KCPA, § 50-624(c), when they distributed to Plaintiff and the Class property in the form of school portraits and/or products and solicited payment for such property.

91.    Further, Defendants unlawfully engaged in a deceptive act and practice in violation of K.S.A. § 50-626(b)(3) when they sought payment for the unordered school portraits and/or products but willfully omitted to inform Plaintiff and the Class of the material fact that unordered school portraits and/or products are deemed unconditional gifts pursuant to K.S.A. § 50-617(a) and therefore require no payment or return.

92.    Alternatively, Defendants unlawfully engaged in a deceptive act and practice in violation of K.S.A. § 50-626(b)(2) when they sought payment for the unordered school portraits and/or products but willfully misrepresented to Plaintiff and the Class by falsehood, ambiguity and/or innuendo as to the material fact that Plaintiff and the Class were legally obligated to pay for the portraits and/or products or return them to school.

93.    Despite knowing the law, Defendants deceptively told Plaintiff and the Class that they must pay for or return the unordered school portraits and/or products.

94.    As a result of Defendants' violations, Plaintiff and the Class are entitled to compensatory damages, civil penalties, attorneys' fees, costs and interest, injunctive relief, and any other relief the Court deems just and appropriate.

## COUNT IV – MONEY HAD AND RECEIVED/UNJUST ENRICHMENT
On Behalf of Plaintiff and the Class

95.    Plaintiff hereby incorporates by reference and re-alleges all paragraphs previously alleged herein.

96.    As a direct and proximate result of Defendants' actions as stated herein, Plaintiff and the Class paid Defendants for unordered school portraits and/or products.

97.     These portraits and/or products are deemed unconditional gifts pursuant to K.S.A. § 50-617(a).

98.     Accordingly, Plaintiff and the Class conferred a benefit on Defendants by paying for unordered portraits and/or products when such payments were unnecessary.

99.     Defendants realized and appreciated the benefit they received and are receiving, and Defendants accept and retain this benefit in violation of Kansas law.

100.    Defendants' failure to comply with Kansas law confers an unjust benefit upon the company.

101.    As such, Plaintiff and the Class should be issued a full refund of monies paid for the unordered school portraits and/or products that were gifts under Kansas law.

102.    WHEREFORE, Plaintiff prays on behalf of himself and all other Class members for: a judgment in his favor against Defendants in such amount as is fair and reasonable; injunctive relief preventing Defendant from continuing to accept payment for unordered portraits and products; an award of attorneys' fees, costs and expenses; and any other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of the Class, seeks the following relief:

1.     An order determining that this action may proceed as a class action under Fed. R. Civ. P. 23 on behalf of the Class as Named Plaintiff and Class Representative for the Class;

2.     An order designating Plaintiff's undersigned counsel as Class Counsel;

3.     An order issuing proper notice to the Class at Defendants' expense;

4.     An order declaring that Defendants committed the statutory violations set forth above;

5.     An order issuing appropriate injunctive relief;

6.     An award of compensatory damages and statutory damages;

7.     Pre-judgment and post-judgment interest, as provided by law;

8.     Attorneys' fees and costs; and

9.     Such other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues of this cause in Kansas City, Kansas.

DATED: May 24, 2019                      Respectfully submitted,

                                         */s/ Jack McInnes*
                                         Jack D. McInnes (#21898)
                                         **MCINNES LAW LLC**
                                         1900 West 75th Street, Suite 120
                                         Prairie Village, KS 66208
                                         Telephone: (913) 220-2488
                                         Facsimile: (913) 273-1671
                                         jack@mcinnes-law.com

                              **ATTORNEY FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May 2019, a true and correct copy of the foregoing document was filed with the Clerk of the Court via CM/ECF and served on all counsel of record through the Notice of Electronic Filing.


                                         By: */s/ Jack McInnes*


16